# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JOHN F. SMITH, | 3:08-cv-0144-ECR (RAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| DR. ROBERT BANNISTER, et al., | |
| Defendants. | |

On December 1, 2010, Plaintiff filed a motion for relief from judgment. (Doc. # 85.) Defendants opposed. (Doc. # 86.) Plaintiff replied. (Doc. # 88.)

## BACKGROUND

On January 4, 2010, the court granted Defendants motion for leave to depose Plaintiff. (Doc. # 51.) Defendants filed a motion for summary judgment on February 24, 2010. (Doc. #59.) Plaintiff opposed (Doc. # 64) and Defendants replied (Doc. # 68). On June 30, 2010, the court issued a report and recommendation that the district court enter an order granting summary judgment in favor of Defendants. (Doc. # 69.) Plaintiff filed an objection to the report and recommendation on July 14, 2010. (Doc. # 70.) Defendants responded to the objection on July 28, 2010. (Doc. # 71.) The district court adopted the report and recommendation, granting the motion for summary judgment, and entering judgment on July 29, 2010. (Doc. # 72 and Doc. # 73.)

On July 30, 2010, Defendants filed a bill of costs seeking to recover $676.75 incurred in taking Plaintiff's deposition. (Doc. # 74.) On August 19, 2010, costs were taxed against Plaintiff in the amount of $676.75. (Doc. # 75.) On August 25, 2010, Plaintiff filed a notice of appeal concerning the order granting summary judgment. (Doc. # 76.) Plaintiff was granted

IFP status by the Ninth Circuit on October 13, 2010. (Doc. # 81.) On November 4, 2010, Defendants filed a motion for writ of execution with respect to the $676.75 in costs taxed against Plaintiff, plus interest. (Doc. # 82.) On November 5, 2010, the clerk of the court issued a writ of execution. (Doc. # 83.) An amended writ of execution was issued on November 5, 2010 in the amount of $677.10. (Doc. # 84.)

## ANALYSIS

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citations omitted). The purpose of this rule "is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Id.* (citations omitted). However, the district court retains jurisdiction to enter orders enforcing its judgment during the pendency of an appeal and to consider timely tolling motions. Fed.R.App.P. 8(a)(1); Fed.R.Civ.P. 62(a), (c).

Except for certain equitable actions inapplicable here, Rule 62(a) declares, "[e]xcept as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 10 days have passed after its entry." Fed.R.Civ.P. 62(a). As a result, "a judgment of a United States District Court becomes final and enforceable ten days after judgment is entered." *Columbia Pictures Television, Inc. v. Krypton Broad*, 259 F.3d 1186, 1197 (9th Cir. 2001).

Generally, an appeal will not affect the validity of a judgment during the pendency of the appeal, absent a stay. *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 190 (9th Cir. 1977). The burden of obtaining a stay is on the appellant. *Id.* "If an appeal is taken, the appellant may obtain a stay by superseades bond...[which] may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed.R.Civ.P. 62(d). A party must ordinarily move first in the district court for...a stay of the judgment or order of a district court pending appeal." Fed.R.App.P. 8(a)(1). Such relief may also be sought in the appellate court under certain

2

circumstances. Fed.R.App.P. 8(a)(2). A superseades bond is a purely procedural mechanism that preserves the status quo during a stay pending appeal of a district court decision. *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000). It also ensures that the appellee will be able to collect the judgment, plus interest, should the court of appeals affirm the judgment. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505, fn. 1 (9th Cir. 1987). The superseades procedures apply to virtually all money judgments. Fed.R.Civ.P. 62(d). A party wishing to stay a money judgment pending appeal without posting security must file a motion for stay. *See* Fed.R.Civ.P 62(a), Fed.R.App.P. 8(a).

Since Plaintiff is IFP and presumably wants to obtain a stay the judgment without posting security, he must file a motion with the district court or appellate court. Here, it does not appear that Plaintiff sought a stay of enforcement of judgment pending appeal in either the district court or the appellate court. The judgment in this action was entered on July 29, 2010. (Doc. # 73.) The bill of costs was filed on July 30, 2010 (Doc. # 74), and costs were taxed against Plaintiff on August 19, 2010 (Doc. # 75). Plaintiff filed his notice of appeal on August 25, 2010. (Doc. # 76.) Absent a stay, Defendants are not precluded from executing the judgment.

While Plaintiff filed a motion for relief from judgment re writ of execution, he should have filed a motion to stay enforcement of judgment pending appeal. A stay pending appeal is an exercise of judicial discretion determined on a case-by-case basis, and the party requesting a stay bears the burden of showing that circumstances justify the exercise of that discretion. *See Nken v. Holder*, 129 S.Ct. 1749, 1760 (2009). In deciding whether to grant a stay pending appeal, courts generally apply the standard employed when considering a motion for preliminary injunction. *See California Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 849-50 (9th Cir. 2009); *Humane Soc. of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009); *Tribal Village of Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir. 1988); *see also Nken*, 129 S.Ct. at 1761, *Warm Springs Dam Task Force v. Gribble*, 565 F.2d 549, 551 (9th Cir. 1977). Therefore, the moving party must demonstrate: (1) a likelihood of success on the merits;

(2) irreparable injury; (3) the balance of hardships tips in his or her favor; and (4) the public interest weighs in his or her favor. *Natural Resources Defense Council, Inc. v. Winter*, 518 F.3d 658, 677 (9th Cir. 2008).

Success on the merits is not rigidly applied because if it were, a stay would seldom be granted because the court would have to conclude it was probably incorrect on its determination of the merits. *See, e.g., Oregon Nat. Res. Council v. Marsh*, 1986 WL 13440, *1 (D.Or. 1986). Rather, district courts properly stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained. *Id.* (citing *Washington Metro. Area v. Holiday Tours*, 559 F.2d 841, 844 (D.C. Cir. 1977)). Difficult or serious legal questions refer to "substantial, difficult and doubtful" issues which cannot be resolved one way or the other at the current hearing. Serious legal questions involve matters as to which the court perceives a need to preserve the status quo. *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991).

Plaintiff must also demonstrate he will be exposed to a likelihood of irreparable injury. Ordinarily, a monetary injury that can be compensated by a damages award does not constitute irreparable harm. *See Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1396 (9th Cir. 1984); *Los Angeles Mem. Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). In certain situations, monetary recovery may be insufficient. *Lopez v. Heckler*, 713 F.2d 1432, 1437 (9th Cir. 1983).

Next, the court must consider the hardships to all parties. Where appropriate, the court will act to preserve the status quo and minimize harm. *See Golden Gate Restaurant Ass'n v. City & County of San Francisco*, 512 F.3d 1112, 1125-26 (9th Cir. 2008).

Finally, the court must consider the public interest. *Warm Springs Dam Task Force*, 565 F.2d at 551; *Lopez*, 713 F.2d at 1437 (society's interest in protecting poor and disabled, rather than administrative and financial impact on government, constituted "public interest" where preliminary injunction at issue restrained government from terminating disability benefits).

4

In the absence of a stay or injunction pending appeal, the prevailing party may act upon a district court's order or judgment. *See Western Lighting Corp. v. Smoot-Holman Co.*, 352 F.2d 1019 (9th Cir. 1965).

## **CONCLUSION**

While the court could construe Plaintiff's motion as a request for a stay pending appeal, Plaintiff's motion does not address the likelihood of success on the merits, whether he will suffer irreparable injury, the balance of hardships, or the public interest.

Therefore, Plaintiff's Motion for Relief from Judgment (Doc. #85) is **DENIED** without prejudice to filing a Motion to Stay Enforcement of Judgment addressing the factors outlined above.

DATED: March 3, 2011.

_____
UNITED STATES MAGISTRATE JUDGE